Lindenmuth *v.* Commonwealth, Appellant (No. 1).

Argued May 22, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herman J. Goldberg,* Deputy Attorney General, with him *George W. Keitel,* Assistant Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellant.

*McClean Stock,* with him *Samuel B. Meisenhelder,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 30, 1933:

William A. Schweitzer served as acting Register of Wills for York County from October 18, 1929, the date when the duly elected register died, until June 16, 1930. He collected inheritance taxes for the fiscal year beginning the first Monday of January, 1930, to June 16, 1930, totaling $92,204.53, and was paid commissions at the rate of five per cent on $50,000, and three per cent on $42,204.53.

On June 16, 1930, appellee was appointed Register of Wills to fill the unexpired term ending on the first Monday of January, 1932.

During the period commencing June 17, 1930, and ending June 30, 1930, he collected transfer inheritance taxes totaling $11,156.46. These taxes were paid into

the State Treasury, less a commission, claimed at the rate of five per cent or $557.82. The Department of Revenue, in settling its account with appellee, computed appellee's commissions at the rate of three per cent on $7,795.47 (this figure being the difference between $92,-204.53, the total taxes collected by appellee's predecessor in office and $100,000), and at the rate of one per cent on $3,360.99 thereof (being the excess of taxes over $100,000 collected since the first Monday in January of 1930). Thereafter during the remainder of the fiscal year, or until the first Monday in January, 1931, the Department of Revenue allowed commissions at the rate of one per cent only, while appellee claimed and withheld commissions computed at higher percentages on the theory that under the statute the gross taxes upon which his commissions were to be computed were the taxes collected by him alone, and not the total taxes collected during the fiscal year beginning the first Monday in January, 1930, and ending the first Monday in January, 1931. The Department of Revenue surcharged appellee with the difference between the sums arrived at by the two methods of computation. Appellee appealed and the lower court sustained him. From this judgment the Commonwealth appeals. The difference between the settlements as claimed by the Commonwealth and as claimed by appellee is $2,205.76.

Section 21 of the Inheritance Tax Act of June 20, 1919, P. L. 521, here involved, reads as follows: "The registers of wills,......shall be the agents of the Commonwealth for the collection of the said tax...... For services rendered in collecting and paying over the same, they shall be allowed to retain for their own use upon the gross amount collected during any year, five per centum upon the tax collected, if such tax shall amount to a sum of fifty thousand ($50,000) dollars or less; three per centum on the amounts collected in excess of fifty thousand ($50,000) dollars and not exceeding one hundred thousand ($100,000) dollars; one per centum

on the amounts collected in excess of one hundred thousand ($100,000) dollars and not over two hundred thousand ($200,000) dollars......" The question before us is the meaning of the words "during any year."

The section shows that, imposed on the office of register of wills in the various counties, as the instrumentality, was the duty to collect and pay over the transfer inheritance tax to the State. Obviously it was impossible to name individuals as such who should act as agents, and it did not indicate any persons who might happen to be registers of wills, but was naming registers of wills as such—the officers. Appellee, therefore, became agent by virtue of his office only. In Schuylkill Co. v. Wiest, 257 Pa. 425, 430, it was said: "He, through his counsel, contends......that the services performed by him, in collecting the......license fees......, were rendered to the State and were no part of his duties as county treasurer, but separate and distinct therefrom. This contention cannot be sustained. The act......did not make Wiest a State officer, as will be conceded—...... He did not receive the fees in controversy by authority conferred on him as a State official. The act deals with him as a county and not a State official, and not as an individual...... The act......confers its authority on the county treasurer and not on the individual who happens at the time to be the incumbent of the office. Each step he takes to carry out the provisions of the act is in his official capacity as county treasurer."

To the same effect this court stated in Schuylkill Co. v. Reese, 249 Pa. 281, at page 286: "These fees for services......though prescribed by federal statute, and by such statute directed to be paid to a clerk of a state court, are quite as clearly limited and appointed by law to be collected by such official as any fees prescribed by State enactment......*it was only by virtue of his official character, and not as an individual,* that he was authorized to collect and receive these fees; he is not designated as an individual, but *as an official.*" The register

of wills in any particular county collects these taxes not as an individual named agent for the Commonwealth, but as register of wills, an officer who has been designated by the Commonwealth as its agent.

This conclusion is supported, furthermore, by the wording of section 210 of the Fiscal Code of 1929, P. L. 343, as amended by the Act of June 1, 1931, P. L. 318, which provides, inter alia, "The Department of Revenue shall have authority to appoint agents in any place within this Commonwealth for the collection of moneys due the Commonwealth, except taxes and fees now collectible by *county officers.*"

The remuneration for the collection of these taxes is fixed as a percentage of the gross amount collected during the year regardless of the number of officials who may collect. The latter phrase "during any year" is not superfluous. "In construing an act of assembly the pertinent rules of interpretation should be kept in mind, and the effort should be made to find a reasonable meaning for all of the words used, and to give force and effect to every part; the construction placed on each part should be logical in itself and consistent with that given to every other": Chestnut Hill, etc., Turnpike Road Co. v. Montgomery Co., 228 Pa. 1, 5. Its only meaning can be that the varying percentages shall be computed upon the total amount of tax collected within the limitations of each year. However, while no particular period is designated specifically in the statute when the computatation of the percentage starts, the meaning deducible from the legislative purpose is that the registers of wills collect the tax, and the beginning of the period of time to be used as the base for the computation of the fees of these officers is the time fixed for the commencement of their terms of office, or the first Monday in January. This was the established practice after the act went into effect and accords with reason, and will include the normal term of these elected officials without possible difficulties arising from the succession of officers.

There is no hint or suggestion that the computation may commence, for any reason, at any other time. A year, during the term of office, is not a variable length of time which, so far as this section is concerned, terminates at the death of any individual without regard to calendars or other measurers of time. Certainly, the legislature did not intend to leave the meaning of "year" so indefinite as to permit of its being construed to include as many periods within 365 days as there might be successive registers in any given county. The words, assuredly, are more definite in their connotation than to permit of such an interpretation.

The act under consideration is a revenue act; its purpose is to secure income for the Commonwealth. The costs of collection must be kept to a minimum, having in view, of course, the proper remuneration of those entrusted with the duty of collection. Section 21, supra, was enacted to decrease the amount of commissions of registers, after the decision in Luzerne Co. v. Morgan, 263 Pa. 458. We said in Orlosky v. Haskell, 304 Pa. 57, 62: "This court has invariably held that when an act is remedial it will be construed so as to give to the words used in it the largest, fullest and most extensive meaning to which they are reasonably susceptible: Toll v. Beckerman, 299 Pa. 1."

The case of United States v. Dickson, 15 Pet. 141 (U. S., 1841), is pressed upon us by appellee, but it does not govern this case. The statute there involved impresses the reader immediately by the fact that it is drawn, in its remunerative feature, with reference to the occupancy of the office by each individual. In the instant case the graduation of the rate for computing the remuneration points unmistakably to the intention of the legislature to fix a maximum compensation computed upon the total amount collected within and during one year, 365 days, which is calculated from the day the regular term of office commences, the first Monday in January.

The judgment is reversed and entered for the Commonwealth, costs to be paid by appellee.