## Commonwealth, ex rel., v. Smith

*Benjamin Levi,* for appellant.

*Charles J. Margiotti,* Attorney General, and *George W. Keitel,* Deputy Attorney General, for Commonwealth.

HARGEST, P. J., December 30, 1935.—This case comes before us upon an appeal from the order of the secretary of revenue suspending the petitioner's license.

The facts averred in the appeal, and uncontradicted, are that Paul Smith was arrested on the charge of drunken driving and failing to stop and render assistance, and, pending his trial at the September sessions, 1935, his operator's license was suspended on the ground that

he had driven a motor vehicle in a reckless manner resulting in an accident; that the finding of the Bureau of Highway Patrol and Safety was contrary to the evidence produced at the hearing; that the petitioner had not been convicted of any crime involving a violation of the motor vehicle laws, and that section 15 of The Vehicle Code of May 1, 1929, P. L. 905, is unconstitutional in that it provides, under certain conditions, that an operator of a motor vehicle may have his license suspended irrespective of any negligence or carelessness on his part.

On this appeal the matter was not submitted on the merits. The appellant pressed only the constitutional question. While we take the record contained in the pleadings, it appears, in the brief of counsel, that on September 19, 1935, the defendant was acquitted of a charge of failing to stop and render assistance and of drunken driving but ordered by the jury to pay the costs; that at the hearing held by the Bureau of Highway Patrol and Safety it developed that the defendant had been involved in an accident about 10 minutes before the one which caused his arrest, and that a settlement had been made with the operators of the cars involved, and that the defendant was the direct cause of both accidents.

A statute regulating the operation of motor vehicles upon the highways, including the granting of licenses to proper persons and the revocation and suspension of licenses held by improper persons, is a highly salutary statute and should be construed to give force and effect to every part of it: Lindenmuth v. Commonwealth (No. 1), 312 Pa. 350, 354.

The Vehicle Code of May 1, 1929, P. L. 905, provides in section 614, 75 PS §191, for the revocation by the Secretary of Revenue of an operator's license or learner's permit upon conviction of certain offenses enumerated in that section. It also provides in section 615, as amended by the Act of June 22, 1931, P. L. 751, for suspension by the secretary under certain conditions. Among those provisions in section 615, as amended, is the following:

"(*b*) The secretary may suspend the operator's license . . . after a hearing before the secretary or his representative . . . whenever the secretary finds upon sufficient evidence . . . . That such person has committed any violation of the motor vehicle laws of this Commonwealth."

Section 616 of the statute, as amended by the Act of June 22, 1931, P. L. 751, provides for the right of appeal from the action of the secretary in suspending a license to the court of common pleas of the county in which the operator resides.

We are at a loss to know what constitutional provision it is thought this statute violates. The secretary can only act after hearing the evidence, and the licensee is given the right of appeal, and even if he had any property in his license (which of course under the decisions he has not), there is still provided due process before the license is taken away. It is suggested in the brief of counsel for the appellant that there is no period fixed within which the license is suspended. There is no point in this contention because the license is for a year, and it could not be suspended beyond the period for which it runs, and the suspension runs, if no time is fixed, until it is revoked.

It is also suggested, inferentially at least, that the license being suspended there is no provision for the return of the proportionate part of the license fee which is his property, and therefore there is an unconstitutional taking. The case of Commonwealth v. Bates, 17 D. & C. 626, is relied upon for that contention. It seems to support it. We, however, cannot follow it. We are of opinion that the better reasoning is found in the case of Commonwealth v. Thomas, no. 1307, July term, 1935, in the Court of Common Pleas of Allegheny County, in which Judge T. M. Marshall sustained the constitutionality of The Vehicle Code under a set of circumstances similar to the facts in the instant case.

One paragraph of the petition charges the unconstitutionality of the statute because it provides that "under

certain conditions an operator of a motor vehicle may have his license suspended, irrespective of any negligence or carelessness on his part."

A reading of the statute would indicate that the only provision to which this language could refer is subparagraph 4 of paragraph (b) of section 615, contained in the amendment of 1931, supra, which adds to the other reasons for which the secretary may suspend an operator's license the following: "That such person was operating any motor vehicle involved in an accident resulting fatally to any person." There are no such circumstances in this case. The appellant is not charged with any such dereliction of duty.

In Knowles' Estate, 295 Pa. 571, it is held:

"A person cannot question the constitutionality of a part of a statute which is not applicable to his own particular case, even though other parts of the same statute may affect him."

See also Commonwealth v. Alderman, 275 Pa. 483, 487; Commonwealth, ex rel., v. Reese et al., 293 Pa. 398; Boocks' Petiton, 303 Pa. 363.

So far as the appellant in this case is concerned, the Secretary of Revenue through his representative, the Bureau of Highway Patrol and Safety, conducted a hearing and found that the petitioner had committed a violation of the motor vehicle laws of this Commonwealth. There are other respects in which the laws of the Commonwealth may be violated besides drunken driving and failing to stop and render assistance, the two charges for which the plaintiff was arrested and subsequently tried. One of the other violations is reckless driving. It was entirely competent for the Secretary of Revenue to hold a hearing with respect to reckless driving involved in at least two accidents in which the petitioner appellant was concerned, even while the specific charges of drunken driving and failing to stop and render assistance were pending in the court. We know of no constitutional or statutory prohibition preventing such an investi-

gation on the part of the Secretary of Revenue. He is not limited to cases only where a defendant is "convicted"; he is distinctly authorized to investigate any violation "committed" within the Commonwealth.

For these reasons we think there is no substantial constitutional question raised.

Now, December 30, 1935, the appeal is dismissed, and the rule granted thereon staying all proceedings and directing that the operator's license be restored to the petitioner until the determination of this appeal is hereby discharged.