New York Life Insurance Company *v.* Guaranty
Corporation, Appellant.

Argued January 21, 1936.   Before KEPHART, C. J.,
MAXEY, DREW, LINN and BARNES, JJ.

*Robert T. McCracken*, with him *Edward G. Taulane, Jr.*, for appellant.

*Ralph S. Croskey*, with him *George J. Edwards, III*, and *Edward S. Lawrence, Jr.*, for appellee.

OPINION BY MR. JUSTICE MAXEY, March 30, 1936:

On June 4, 1934, plaintiff entered against defendant, judgment in the sum of $1,387,807.30 on a bond secured by mortgage. At the sheriff's sale, which followed in due course on July 2, 1934, of the real estate subject to the judgment, the property was sold to plaintiff for the sum of $75. On December 31, 1934, plaintiff filed a petition to fix the fair value of the property in accordance with the Act of January 17, 1934, P. L. 243, and on that same date presented said petition to the court. The court fixed the time of hearing as January 28, 1935. A copy of the petition was served upon defendant the day it was presented to the court, namely, December 31, 1934. Defendant filed a petition to strike off plaintiff's petition, on the ground that plaintiff had not given to defendant "at least ten days' notice of the presentation of such petition," in accordance with section 1 of the Act of 1934. After the case reached the court below on that petition, the learned judge said: "The question arises what is meant by the provision of the act that 'at least ten days' notice of the presentation of such petition shall be given to the defendant'? It is theoretically possible to ascribe to it one of three meanings, namely, that it was meant to require that ten days' notice be given to the defendant *before* plaintiff *presents* the petition to the court for the fixing of a hearing, or that at least ten days' notice should be given to the defendant *after* the petition has been thus presented (the notice being of the fact of such presentation), or that at least ten days' notice should be given to the defendant prior to the *hearing* on the petition. It is not necessary to discuss the second of these suggested possibilities, because

it is hardly reasonable to suppose that the phrase at least ten days' notice could apply to notice given *after* presentation of petition. The phrase 'at least' must refer to a notice of a future event and not to a past happening; what would it mean to say that 'at least ten days' notice' must be given of a past event. At any rate, if notice of the presentation had to be given at any time *after* such presentation, such notice was given to the defendant in the present case." The judge then aptly said: "The real question seems to be whether the ten days' notice is to be in advance of the *presentation* of the petition or of the *hearing* thereon. While it might seem more reasonable to suppose that the legislature intended the notice to be given of the *hearing,* nevertheless the fact cannot be disregarded that the word actually used is 'presentation.'" The court then concluded that the provision under interpretation meant that "when a party files a petition to determine the fair value he must give ten days' notice to the other party that the petition will be presented to the court for the purpose of having the time of a hearing thereon fixed." The court said that "the purpose of such notice is revealed in the last paragraph of section 1, which is to the effect that 'any party may, during the period of notice required by this act, demand a jury trial.' . . . When the petition is filed and at least ten days' notice is given to the other side that it will be presented to the court for the fixing of a hearing, the other party may, during that minimum ten days' period, demand a jury trial, in which case the court loses the power to proceed to a hearing on the petition." The court decided that plaintiff did not give to defendant the notice required by the act, but said further that "the only object of requiring the ten days' notice is to enable the other party to demand a jury trial. By the failure of the plaintiff in the present case to give such notice the defendant was not in any way harmed, unless it be that it intended to ask for a jury trial prior to the time for fixing a hearing. . . . A fair and equitable construc-

tion of the act would seem to be that if the required ten days' notice be not given prior to the presentation of the petition, the other party should not thereby be deprived of his right to demand a jury trial, but should continue to have that right for a period of ten days after notice is actually given to him of the fact that the petition was presented." The court's decision was that while plaintiff did not give the notice required under the terms of the act, nevertheless plaintiff should not be penalized for such failure by having its petition to fix the fair value stricken from the record. Defendant's petition to strike off plaintiff's petition was dismissed, without prejudice to defendant's right to demand a jury trial.

While we affirm the judgment of the court below, we do not adopt the rationale of its opinion. We hold that the notice given by plaintiff to defendant was a compliance with the terms of the act. When the governor approved the act now under review, he characterized it as a bill containing "a few hastily and poorly constructed paragraphs." An examination of this act fully justifies the chief executive's characterization of it. There is no doubt that the troublesome sentence in section 1 is ambiguous. Recourse must therefore be had to established principles of interpretation.

The principle is well recognized in interpreting statutes that "it often happens that the true intention of the law-making body, though obvious, is not expressed by the language employed in a statute when that language is given its literal meaning. In such cases, the carrying out of the legislative intention, which, as we have seen, is the prime and sole object of all rules of construction, can be accomplished only by departure from the literal interpretation of the language employed. Hence, the courts are not always confined to the literal meaning of a statute: the real purpose and intent of the legislature will prevail over the literal import of the words": 25 R. C. L., page 967, section 222. *Endlich on the Interpretation of Statutes,* page 35, section 27, says: "The

literal construction then, has in general, but a prima facie preference. To arrive at the real meaning, it is always necessary to take a broad general view of the act, so as to get an exact conception of its aim, scope and object. . . . The true meaning is to be found, not merely from the words of the act, but from the cause and necessity of its being made, from a comparison of its several parts and from extraneous circumstances; or by an *examination of,* and *comparison of the doubtful words with, the context of the law,* considering its reason and spirit, and the inducing cause of its enactment." (Italics supplied.)

The true meaning of the sentence in section 1 that "at least ten days' notice of the presentation of such petition shall be given to the defendant or defendants and to all parties whose interest appears on the record," becomes obvious when we read the last sentence of the section, as follows: "In either case, whether the petition is presented by the plaintiff or use-plaintiff, or by the defendant or other party in interest, any party may, during the period of notice required by this act, demand a jury trial, whereupon the fair value of the property shall be determined and fixed by a jury trial as in other cases." This sentence makes it clear that the "ten days' notice" provided for earlier in the section must be a specific notice of *the fact that a petition has been presented and this notice starts the running of a ten-day period during which the party notified must demand a jury trial if he wants it.* In the administration of justice, notices of acts done are never mere empty gestures or meaningless recitals of past events. Such notices always serve the purpose of giving adverse parties an opportunity to take such action as they deem appropriate to the protection of their interests. It would be unreasonable to interpret this section as meaning that a plaintiff who intends to present a petition must give ten days notice of that intention before carrying it out. No purpose would be served by such notice, and notices without legal purpose

are never required. For example, under the Practice Act any person can file a plaintiff's statement without giving notice of his intention to do so, but when he does file it, he must, in order to require the defendant either to answer it or suffer judgment to be taken against him, give him fifteen days' notice of the fact that the statement *has been filed,* the purpose being, of course, to afford the opposing party ample time to take protective action. Likewise, in divorce cases, the libellant presents his petition or libel and secures a subpœna which directs the party complained against to appear. There is no provision for a notice of the fact that the libel *is to be* filed.

In the instant case, the phrase, "at least ten days' notice of the presentation of such petition," does not mean that ten days' notice must be given of a *future* presentation of a petition; it obviously means ten days' notice of a *past* presentation to the court out of which the writ issued, of a petition to fix, after a hearing, the fair value of the property sold, the ten days being merely the measure of the period during which the party notified must exercise his right to demand a jury trial or suffer the value of the property to be fixed by a judge, sitting without a jury, or, by a judge after a master has preliminarily determined it upon due hearing before him.

An interpretation that a defendant and all other parties in interest are, under the statute, entitled to ten days' notice *before a petition is presented* to fix the fair value of the property, is so completely out of harmony with the tenor and purport of the act as to be rejected by reason. The clearly expressed purpose to be served by the notice makes clear what is obscure in its statutory description.

The judgment of the court below is affirmed.