## Commonwealth v. Yanko

K. L. *Shirk* and *Lawrence L. Casey,* for Commonwealth.

*W. Hensel Brown* and *J. W. Brown,* for defendant.

ATLEE, P. J., December 14, 1936.—Louis Yanko, defendant here, was charged upon an indictment which reads as follows:

"County of Lancaster, ss: The Grand Inquest of the Commonwealth of Pennsylvania, inquiring for the County of Lancaster, upon their respective oaths and affirmations, do present, That Louis Yanko, late of the said County, on the 8th day of August, in the year of our Lord one thousand nine hundred and thirty-five (1935), at the County aforesaid, and within the jurisdiction of this Court, with force and arms, etc., and at divers other times within the two years last and past, doing business as the WONDER BAR CAFE, and an Amusement Producer, did unlawfully, knowingly and wilfully, neglect and refuse to take out and secure an Amusement Permit as required by Section 3 of the [Amusement Tax Act], and contrary to the form of said Act of the General Assembly of June 22, 1935, P. L. 429.

"And the Grand Inquest aforesaid, upon their oaths and affirmations aforesaid, do further present, that the said Louis Yanko, at the County aforesaid, and within the jurisdiction of this Court, with force and arms, etc., doing business as aforesaid, and an Amusement Producer, did, on the 4th day of December, 1935, unlawfully, knowingly, and wilfully fail to collect and pay over the amusement tax as required by Section 5 of the [Amusement Tax Act], contrary to the form of the Act of the General Assembly of June 22, 1935, in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

When called for trial defendant pleaded not guilty.

There was no dispute between counsel for the Commonwealth and counsel for defendant as to the facts of the case. The only question is: "Under the admitted facts was the defendant legally liable for the tax?"

By consent of the parties and under the direction of the court, the jury rendered a special verdict as follows:

*Special verdict*

"On August 8, 1935, Louis Yanko operated the Wonder Bar Cafe, on North Queen Street, in the City of Lancaster, County of Lancaster, and Commonwealth of Pennsylvania.

"At this cafe or restaurant food and drink were supplied to the public, without the exaction of any cover charge, admission fee, admission charge, or form of club dues.

"Louis Yanko had an orchestra there, and this orchestra played dance music and other music for the entertainment of the guests. This occurred once or twice a week and on a space some twelve feet square in the center of the cafe or restaurant, some of the guests or patrons from time to time dancing, no special charge being made for the privilege of dancing, and no fee, directly or indirectly, being exacted for the use of the dancing floor.

"There was no entertainment at the Wonder Bar Cafe except the instrumental music supplied by the orchestra, as above set forth, once or twice a week.

"The orchestra provided no entertainment, other than the instrumental music supplied by it as an orchestra, none of the members thereof dancing, nor singing, nor in any other way providing amusement or entertainment for the guests or patrons.

"No tax, assessment nor charge in the nature of the imposition of a revenue tax, was attempted to be collected from the guests or patrons, nor did Louis Yanko, the defendant, make any return to the Commonwealth of Pennsylvania, whether collected by him or not, claimed by the Commonwealth to be due from him for maintaining the amusement above set forth.

"If the facts stated and the acts of the defendant above set forth are sufficient in the opinion of the Court to warrant a conviction of the defendant of the crime of neglecting and refusing to take out and secure an amusement permit, as required by section 3 of the Amusement Tax

Act and contrary to the form of the said Act of the General Assembly of June 22, 1935, P. L. 429, then the jury do say that he (the defendant) is guilty of said offense in manner and form as he stands indicted. If they are not sufficient, then the jury find the defendant not guilty.

"If the facts stated and the acts of the defendant above set forth are sufficient in the opinion of the Court to warrant a conviction of the defendant of the crime of unlawfully, knowingly and wilfully failing to collect and pay over an amusement tax as required by section 5 of the said Amusement Tax Act, then the jury do say that he (the defendant) is guilty of said offense in manner and form as he stands indicted. If they are not sufficient, then the jury find the defendant not guilty."

Thereupon K. L. Shirk, Esq., assistant district attorney, moved the court to adjudge defendant guilty in manner and form as defendant stands indicted, and to pass sentence. On behalf of defendant, objection to this motion was noted. It now becomes the duty of the court to decide the question as to the guilt or innocence of defendant. So far as counsel and court can learn, the question raised here has never been before any court of Pennsylvania for decision.

The acts of assembly covering the situation are as follows:

Section 2 of the Act of June 22, 1935, P. L. 429, defines a place of amusement as: "Any place, indoors or outdoors, where the general public or a limited or selected number thereof, may, upon payment of an established price, attend or engage in any amusement as herein defined, including, among others, theatres, opera houses, moving picture houses, amusement parks, stadiums, arenas, baseball parks, skating rinks, circus or carnival tents or grounds, fair grounds, social, sporting, athletic, riding, gun, and country clubs, golf courses, bathing and swimming places, dance halls, tennis courts, rifle or shotgun ranges, roof gardens, cabarets, night clubs, and other like places."

Section 2 of the Act of 1935, supra, defines amusements as being:

"All manner and forms of entertainment, including, among others, theatrical or operatic performances, concerts, moving picture shows, vaudeville, circus, carnival and side shows, all forms of entertainment at fair grounds and amusement parks, athletic contests, including wrestling matches, boxing and sparring exhibitions, football and baseball games, skating, golfing, tennis, hockey, bathing, dancing, and all other forms of diversion, sport, recreation, or pastime, shows, exhibitions, contests, displays, and games, and all other methods of obtaining admission charges, donations, contributions, or monetary charges of any character, from the general public, or a limited or selected number thereof, directly or indirectly, in return for other than tangible property, or specific personal or professional services."

Furthermore, it appears that the Act of June 22, 1935, supra, sec. 13, confers authority upon the Revenue Department to "make such regulations, not inconsistent with this act, as it may deem necessary for the efficient administration of this act". Acting under this authority, the Department of Revenue of this Commonwealth has made a certain regulation, entitled article 3 of the Amusement Tax Act Regulations, which is as follows:

"Where any amusement, except instrumental music unaccompanied by any other form of entertainment, is conducted at a place where food and drink are served and the price of admission to such 'amusement' is wholly or partially included in the price paid for refreshments, a tax is imposed upon 20 percentum of the amount paid by each person for such refreshments and service. E. g., four people together attend a cabaret. No fixed charge is made for admission. The check for refreshments for the party amounted to $20.00 and was paid by one of the party. The tax is 16c. being computed upon 20 percentum of the total check, namely, $4.00."

While not conclusive upon this court, and, standing by itself, not decisive of the question here raised, nevertheless it is a fact that the Federal taxing authorities, acting under the United States Admission Tax Act, impose a tax where the facts were as they are here. Such tax has been imposed under the following statute and regulations:

Section 500 (*a*) of the Revenue Act of 1926, 44 Stat. at L. 91 (5), 363 CCH par. 2337, states:

"A tax of 1½ cents for each 10 cents or fraction thereof of the amount paid for admission to any public performance for profit at any roof garden, cabaret, or other similar entertainment, to which the charge for admission is wholly or in part included in the price paid for refreshment, service, or merchandise."

Article 11 of the Federal Regulations, 363 CCH par. 2339, states that:

" 'Any public performance for profit at any roof garden, cabaret, or other similar entertainment,' includes every public vaudeville or other performance or diversion in the way of acting, singing, declamation, or dancing, either with or without instrumental or other music, conducted for the profit of the management by professionals, amateurs, or patrons under the auspices of the management, in connection with the service of selling of food or other refreshment or merchandise at any room in any hotel, restaurant, hall, or other public place."

Example 2 is:

"A certain hotel maintains in its lobby a dancing floor surrounded by tables and serves refreshments to its patrons during the dancing hours. No charge is made for dancing. This is a case of a public performance for profit where the amount paid for admission is wholly included in the amount paid for refreshment and there will be a tax, therefore, under these provisions of the Act.' "

The following definitions taken from Webster's New International Dictionary, 2d ed. (1936), should be borne in mind:

Cabaret: "A cafe or restaurant where patrons are entertained by performers who dance or sing, after the practice of certain French taverns; hence, an entertainment of this nature."

Roof garden: "A garden on the flat roof of a building; esp. a garden where refreshments are served, on the roof of a high building, often with a stage for entertainments."

Night club: "A resort, in the guise of a social club, frequented by pleasure-seekers at night."

The title of the Act of June 22, 1935, P. L. 429, is:

"To provide revenue by imposing a State tax upon the privilege to attend or engage in amusements, including every form of entertainment, diversion, sport, recreation, and pastime".

What constitutes "amusements" is found in section 2 of the act, wherein the word "amusement" is defined at length.

In the present case defendant does not have dancing every night, but operates a restaurant for the sale of food and drink. The sale of food and drink does not constitute operation of an amusement place. On one or two nights a week defendant has dancing. Does this make defendant the proprietor of an amusement place so as to make him liable for the tax? The act of assembly, in its definition of the word "amusement", includes "dancing" as a form of amusment, and defines "place of amusement", among other places, as "dance halls", "roof gardens", "cabarets", "night clubs", and other like places.

In the case of Husband's Estate, 316 Pa. 361, 369, the Supreme Court of Pennsylvania has said:

"It is well settled that tax laws are to be construed most strictly against the government and most favorably to the taxpayer, and a citizen cannot be subjected to a special burden without clear warrant of law." In the present case the purpose of the act is to tax places of amusement. A place where dancing is carried on, where any benefit to the proprietor is obtained directly or indirectly, is considered by the act as a place of amusement. Section 18

of the Act of 1935, supra, grants certain exemptions, namely, where places are conducted for the purpose of public welfare, and where no private profit inures to any individual:

"But it is equally well settled that where taxes, including interest and penalties, are clearly imposed by law, he, who would claim an exemption or relief from them, when so legally imposed, must point to clear and unmistakable warrant of law to support his claim; he is entitled to no special privilege over other taxpayers which is not clearly and definitely established by law": Philadelphia's Appeal, 117 Pa. Superior Ct. 132, 138.

Considering the title of the act and the broadly inclusive character of the language of the act, this court feels that its purpose was to define as an amusement place any place where permitted dancing is incidental to the conduct of a business for profit to an individual.

This construction of the act is reached by applying principles of law laid down in a decision of the Supreme Court of this State, an opinion by Mr. Justice Maxey, in the case of New York Life Ins. Co. v. Guaranty Corp., 321 Pa. 359, 362, 363. See also Fazio v. Pittsburgh Rwys. Co., 321 Pa. 7, 12.

"The power and the right of the state to tax are always presumed, and the exemption must be clearly granted": 25 R. C. L. 1093, sec. 309.

As above stated, defendant operates a restaurant with a bar. So long as food and drink are sold without providing any form of public amusement the place would not be such an amusement place as is contemplated by the act, but when the proprietor supplies the opportunity for dancing, even although the dancing is performed by the guests themselves and not by paid performers, and although the paid orchestra provides no other form of amusement than to supply the music for dancing, on such occasion the place becomes an amusement place as contemplated by the act above referred to.

The furnishing of food and drink completely covers all that is necessary to be done to furnish refreshments to patrons of a restaurant. If the opportunity to dance is provided, with orchestra supplied, this must be for the amusement of guests. Certainly it is not solely for the refreshment of guests.

And now, December 14, 1936, the court adjudges defendant Louis Yanko guilty in manner and form as he stands indicted. Said defendant is to be called for sentence at the order of the district attorney of this county.

From George Ross Eshleman, Lancaster.