## The Young Men's Christian Association of Philadelphia v. City of Philadelphia et al.

*J. Warren Brock* and *Edmonds, Obermayer & Rebmann,* for plaintiff.

*Abraham L. Shapiro, Abraham Wernick,* and *Joseph Sharfsin,* for defendants.

FLOOD and LEVINTHAL, JJ., October 27, 1938.—Plaintiff, Young Men's Christian Association, brings its bill in equity to restrain the collection of the city sales tax on sales by and to the association.

The Sales Tax Ordinance, finally enacted February 24, 1938, provides in section 2(c) for the exemption of semi-public institutions, which are defined by section 1(g) as "those charitable and religious institutions which are supported wholly or in part by public subscriptions

or endowment and are not organized or operated for profit".

The answer filed on behalf of the receiver of taxes in part reads:

"Defendants further aver that said lunchrooms, dining rooms, kitchens, and cafeterias are operated by the complainant for profit and are in no sense essential to the accomplishment of the main purpose for which the complainant was organized and chartered. . . .

"Deponent further avers that said athletic equipment, etc., sold by the complainant is sold in the same manner as sales of similar equipment are made by other citizens of the City of Philadelphia engaged in the sale of similar articles, to wit, for cash and for profit; that the sales of the said athletic equipment and supplies are not essential to the main purposes for which the said complainant corporation was chartered and organized and that in operating the said swimming pools, gymnasiums, etc., the complainant organization is engaged in business for profit. . . . .

"Deponent further avers that in operating and permitting the use of said billiard tables, etc., complainant organization operates in the same manner as other citizens of the City of Philadelphia engaged in the same business operate, to wit, for cash and for profit and that the operation of said billiard tables, ping-pong tables, etc., is in no sense essential or necessary to the accomplishment of the main purposes for which the complainant corporation was chartered and organized.

"Similarly, in connection with the making of said sales, complainant corporation is compelled to purchase materials and supplies not intended for resale as defined by said ordinance, the purchase of which materials and supplies being in no sense material or essential to the carrying on of the main purposes for which the plaintiff corporation was chartered and organized, but on the contrary was essential to the carrying on of business for profit.

"For further answer thereto, this deponent avers that the plaintiff receives and has been receiving considerable amounts of income from the sale of food, etc., in the operation of its kitchens, cafeterias, lunch rooms, and from the sale of athletic equipment and supplies and that said receipts are, therefore, receipts from the operation of commercial activities for profit. This deponent admits that the complainant was not organized for profit and admits that insofar as it carries on the principal purposes for which it was organized said activities are not for profit, but this deponent specifically denies that the operation of cafeterias and lunch rooms, the sale of merchandise and the rental of dormitories and similar activities, are in any sense essential to the prime purpose of the corporation and specifically avers that in said activities the corporation is engaged in a commercial activity in competition with similar businesses and that the same are carried on for profit.

"It is averred that said Frank J. Willard, Receiver of Taxes, has confined his demand for the payment and collection of the tax to those activities of the complainant organization which are commercial in character and which are carried on for profit and are not essential to the main purpose for which the plaintiff corporation was organized and chartered."

Plaintiff objects to those allegations of the answer as "irrelevant and immaterial" and asks that the relief prayed for be granted, relying upon the decision in Young Men's Christian Association of City of N. Y. v. City of N. Y. et al., 159 Misc. 539, 287 N. Y. Supp. 287 (1935), affirmed, 276 N. Y. 619, 12 N. E. (2d) 605 (1938), construing an identical ordinance of New York City. That decision may appear contrary to our opinion, but we believe it too meagerly reported to be of any great value. We do not know whether plaintiff there conducted any of its operations for a profit, whereas here—according to the allegations of defendants' answer, which must be taken

for verity—certain facilities of the association are "operated for profit".

These averments are material, for to be exempt an institution must satisfy two requirements: (1) It must be charitable; (2) it must not be organized or operated for profit. The latter is obviously additional and not merely repetitious. It is intended to bar charitable organizations insofar as they operate commercial activities for an immediate profit, although the ultimate use of that profit is for charity. The construction contended for by plaintiff renders the latter part of the clause redundant only, for every "charitable institution" is, ultimately and as an entirety, operated for nonprofit purposes. See A. L. I. Restatement of Trusts, sec. 376 (*d*). As Mr. Justice Kephart, now Chief Justice, wrote in Lindenmuth v. Commonwealth (No. 1), 312 Pa. 350, 354 (1933), " 'effort should be made to find a reasonable meaning for all of the words used, and to give force and effect to every part.' " See also the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551, cl. 1. Our construction, we think, would give meaning to the phrase "operated for profit", and is in accord with the Pennsylvania cases. See the comprehensive discussion in Young Men's Christian Association of Germantown v. Philadelphia, 323 Pa. 401 (1936).

This reading of the ordinance may appear to lead to the conclusion that both the commercial and the charitable activities of a charitable institution operated in part for immediate profit should be taxed. However, the answer of the receiver of taxes indicates that it is only upon the commercial activities that he seeks to collect the tax and the spirit of the Pennsylvania decisions construing comparable legislation is in accord with that position. As Mr. Justice Maxey wrote in Young Men's Christian Association of Germantown v. Philadelphia, supra, at page 420:

" 'There is in fact no express warrant in the act for dividing the building for purposes of taxation and ex-

empting any part of it when other parts produce income. But such division was sustained by Judge Allison in *Association v. Donohugh*, 7 W. N. C. 208, upon grounds of equity and the broad intent of the statute and has been received with general acquiescence.' "

And now, October 27, 1938, plaintiff's preliminary objections to defendant's answer to the bill of complaint are dismissed.