## City of Philadelphia, Trustee, v. Carty et al.

*Lester S. Hecht,* for petitioners.
*Bell, Murdoch, Paxson & Green,* for mortgagee.

MACNEILLE, P. J., January 18, 1944.—We are considering defendants' petition to set aside service of plaintiff's petition to fix fair market value of real estate and the notice of hearing.

On January 14, 1942, plaintiff filed its petition under the Deficiency Judgments Act of July 16, 1941, P. L. 400, to fix the fair market value of premises 6205 Cobbs Creek Parkway, which was sold by the sheriff on May 4, 1936, to plaintiff for the sum of $75 pursuant to

execution issued on a judgment in the above-entitled case.

Petitioners, the Mowbrays, are among the respondents named in the petition to fix fair value and were defendants in the foreclosure proceedings. Upon the filing of the petition to fix fair value on January 14, 1942, the court fixed March 16, 1942, as a date for hearing on the petition to fix fair value. Plaintiff failed to make service of this petition on the Mowbrays, two of the respondents therein, and on March 16, 1942, moved the court to continue the hearing date to September 28, 1942, which motion was granted by the court. On September 4, 1942, a copy of the petition with notice of the hearing was served upon defendants Josephine R. Mowbray and William S. Mowbray—the sheriff's return of service was filed September 15, 1942—13 days prior to the hearing date. Service then having been made, the hearing date of September 28, 1942, was continued by the court upon plaintiff's application to February 15, 1943, and again upon similar applications it has been continued until September 27, 1943. Defendants Mowbray now petition the court to set aside the service of the petition and notice of hearing and to discharge defendants from personal liability.

In answer to the petition of the defendants Mowbray to strike off service, plaintiff avers, in paragraph 11 of its answer, that all efforts to serve petitioners prior to September 4, 1942, failed, and that this is shown by the sheriff's return of "N. E. I.", filed on June 24, 1942.

In order to sustain the contentions of the defendants Mowbray we would be obliged to find that the Deficiency Judgments Act of July 16, 1941, P. L. 400, makes it mandatory upon petitioners to fix fair value to serve all respondents 10 days prior to the date orig-

inally set for the hearing. In section 3 of that act there is this provision:

"The court shall thereupon fix a date for hearing on said petition not less than fifteen days after the filing thereof, and said petition shall be served upon each of the persons named therein as respondents at least ten days prior to the date fixed for hearing."

We do not think this section precludes the court from fixing another hearing date, if plaintiff, petitioner for fixing fair value, has, without fault on its part, failed to obtain service. To do so would be most strictly construing an act which is meant to be remedial in character, and, in our opinion, should receive a liberal construction to give effect to its purpose. Consideration of the act as a whole convinces us that the court should act in its sound discretion in continuing hearings or in proper cases by fixing a new day for hearing. For instance, section 5 provides:

"No hearing shall be had until the court shall be satisfied that service has been made upon all the respondents in any of the methods herein provided."

Let us suppose that three or four defendants have been served in time for the hearing day fixed by the court, but that it has been impossible to serve several others in time. Are we to conclude that this section means that under such circumstances plaintiff may not have the fair value fixed? We think this section clearly indicates that the court in its discretion should give plaintiff additional opportunity to serve all the respondents so that there may be a hearing.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, sets forth:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions."

Various decisions of the Supreme Court are in accord with this section. See Lansdowne Bank & Trust Company's Case, 323 Pa. 380, Lindenmuth v. Commonwealth (No. 1), 312 Pa. 350, and Chestnut Hill & Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1. We direct attention to New York Life Ins. Co. v. Guaranty Corp., 321 Pa. 359, wherein, at page 362, the court said:

"The principle is well recognized in interpreting statutes that 'it often happens that the true intention of the law-making body, though obvious, is not expressed by the language employed in a statute when that language is given its literal meaning. In such cases, the carrying out of the legislative intention, which, as we have seen, is the prime and sole object of all rules of construction, can be accomplished only by departure from the literal interpretation of the language employed. . . .' "

We must consider the purpose of the act and the object to be attained. There are grave injustices in permitting a creditor to recover a greater value than the obligation entitles him to. The object of the act was not to deny the creditor his right to be fully reimbursed. It meant to protect him and the debtor alike. In this regard justice is to be accomplished by fixing a fair value on the real estate and obliging the creditor to credit the debtor to that extent.

We do not think the debtors in the instant case were prejudiced by the fact that they were not served at an earlier date. They were served in ample time to prepare for a hearing and indeed, had they appeared at the hearing and requested the court to continue that hearing to give them further opportunity to meet the issue, certainly the court in exercise of its sound discretion would have allowed to the debtors a continuance as willingly as it would to the creditor.

The willingness of the court to exercise its discretion in fixing hearing dates where in its opinion the circumstances warrant it must not be taken by creditors as a signal that they need not diligently prosecute their "petition to fix fair value" to a conclusion. In any proper case where the creditor is at fault because of lack of diligence, or otherwise, the court will not hesitate to extend relief to the debtor, especially where such lack is to his prejudice.

Wherefore, the petition to set aside service of petition to fix fair value of real estate and notice of hearing is dismissed.