Brummer v. Linker (et al., Appellant).

Argued November 23, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel I. Sacks,* of *Sacks & Piwosky,* with him *Maurice M. Morton,* for appellant.

*Albert M. Hoyt, Jr.,* with him *Roland C. Heisler* and *Drinker, Biddle & Reath,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 31, 1938:

The principal question here involved is whether it was error for the court below to order that the satisfaction of a judgment be stricken from the record.

It appears that on January 9, 1933, the plaintiff entered a judgment of $21,803.33 against the defendant, Louis Linker, on his bond and warrant, secured by a mortgage upon real estate situated in the city of Philadelphia. Subsequently plaintiff issued execution on the judgment, and became the purchaser of the mortgaged premises at a sheriff's sale held on January 6, 1936. The property was sold for $75.00. On July 10, 1936, as six months had elapsed from the date of the sheriff's sale, the judgment was marked satisfied by defendant in accordance with the provisions of the Deficiency Judgment Act of 1935.[1] Following the decision which declared unconstitutional the Deficiency Judgment Act of 1934,[2] the plaintiff, on November 23, 1936, filed a petition alleging that the satisfaction of the judgment was invalid, and that it should be stricken from the record.

---

[1] Act of July 1, 1935, P. L. 503.

[2] This Act was declared invalid in *Beaver County B. & L. Assn. v. Winowich,* 323 Pa. 483, and likewise the Act of 1935, in *Shallcross v. North Branch–Sedgwick B. & L. Assn.,* 123 Pa. Super. Ct. 593.

The defendant died on September 11, 1936, and his widow, Hannah Linker, a resident of New Jersey, was appointed administratrix in that state. Thereupon plaintiff, having filed a suggestion of the death of defendant, issued a scire facias to show cause why the administratrix should not be substituted as a defendant and, due to the fact that the administratrix resided without the state, an order was made by the court authorizing service of the writ by publication and registered mail, according to the provisions of Section 35(h) of the Fiduciaries Act of 1917, P. L. 447 (20 PS sec. 778).

The administratrix was served with a copy of the scire facias, by registered mail on March 10, 1937, and the writ was advertised in accordance with the directions contained in the order of the court.

Several weeks after service of the writ the administratrix filed a pleading entitled, "Answer of Hannah Linker to the Petition of Plaintiff for Leave to Serve Sci. Fa. upon Administratrix of Defendant." In this answer the administratrix attacked the validity of the service of the writ of scire facias, and averred that according to the Fiduciaries Act[3] the writ could issue only in "an action pending," and that the present proceeding had ceased to exist because of the failure of plaintiff to appeal from the satisfaction of the judgment within three calendar months[4] from July 10, 1936, the entry date of the order.

After argument, on the record so constituted, the court below entered an order striking off the satisfac-

---

[3] This portion of Section 35 (h) of the Fiduciaries Act of 1917, P. L. 447 (20 PS sec. 778), reads as follows: "Whenever the executor or administrator of a deceased plaintiff, petitioner, defendant, or respondent *in any action or legal or equitable proceeding pending* in any court of this Commonwealth, resides without the jurisdiction of the said court, the writ of scire facias . . . may be served on such executor or administrator," etc., etc.

[4] Act of May 11, 1927, P. L. 972 (12 PS sec. 1136).

tion of the judgment. The administratrix then petitioned for a re-argument contending that it was error to dispose of the case on its merits when her answer had raised solely the question of the jurisdiction of the court. The court discharged the rule granted upon this petition, whereupon the administratrix appealed from the final order striking off the satisfaction of the judgment.

In our opinion there is no merit in the contention that the present action was not "pending" within the meaning of the statute, because of the failure of the plaintiff to appeal from the satisfaction of the judgment within the three months' period. The entry of the satisfaction by defendant pursuant to the Deficiency Judgment Act was an ex parte proceeding, in default of action on the part of plaintiff. It was of such character that in a proper case it might be opened up or stricken off:[5] *King v. Brooks,* 72 Pa. 363; *Penna. Stave Co.'s App.,* 225 Pa. 178; *Haverford Twp. Sch. Dist. v. Herzog,* 314 Pa. 161. The inherent power of the court to correct its records in cases of default judgments is undoubted: *Murphy v. Flood,* 2 Grant 411; *Shoup v. Shoup,* 205 Pa. 22. Since the satisfaction of the judgment was unauthorized by a valid Act of Assembly, it was within the power of the court to strike it from the record.

Service of the writ of scire facias was made upon the administratrix in accordance with the provisions of the Fiduciaries Act, and in compliance with the order of the court below. We find no basis for the complaint that the administratrix was not properly brought within the jurisdiction of the court.

It is further contended that the appearance of the administratrix in this proceeding was a special one, made for the sole purpose of raising a jurisdictional question

---

[5] Subject to the time limitation provided in the Act of Assembly of March 24, 1937, P. L. 112.

under the Act of March 5, 1925, P. L. 23;[6] and that this question should have been decided prior to any determination of the case upon its merits. In support of her position the administratrix relies upon the following decisions: *Lackawanna Co. v. James,* 296 Pa. 225; *Rutherford Water Co. v. Harrisburg,* 297 Pa. 33; *Heffernan's App.,* 121 Pa. Super. Ct. 544; *Kittanning Country Club's Liquor License Case,* 124 Pa. Super. Ct. 582; *Squire v. Fridenberg,* 126 Pa. Super. Ct. 508.

While it is true that a jurisdictional question raised in the manner prescribed by the Act of 1925, supra, must be determined preliminarily, here the administratrix failed to comply with the essential requirements of the Act, and therefore, its provisions can have no application to the present case. This clearly appears from Section 2 of the Act which provides in part as follows: "All such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted, and such preliminary question disposed of by the court." The language of this Section is mandatory, and the procedure there set forth must be followed strictly when a litigant wishes to raise solely a jurisdictional question. No petition was filed by the administratrix upon which a rule to show cause was granted. Instead she ignored the provisions of the Act and filed an answer which challenged the right of the plaintiff to issue the writ of scire facias. As the result of adopting a procedure in conflict with the Act, the administratrix is without standing now to demand that its provisions be enforced for her benefit.

An examination of the record fails to disclose any error which would justify this Court in disturbing the order made by the court below in striking off the satisfaction of the judgment.

Judgment affirmed.

---

[6] Act of March 5, 1925, P. L. 23 (Section 1), provides that wherever in any proceeding at law or in equity the question of jurisdiction is raised in the court of first instance, it shall be *preliminarily determined* by the court upon the pleadings or with depositions, as the case may require, etc.