On November 22, 1934, Henry M. Edwards, Jr., and wife, appellants, gave to the H. O. L. C. their bond and mortgage in the sum of $17,600. The mortgagors being in default, judgment was entered on the bond and execution issued against their home, the mortgaged premises. At the sheriff's sale, it was purchased by the H. O. L. C. for $621.37, representing costs of foreclosure and delinquent taxes. Appellants filed a petition alleging that the property was worth $15,000, and prayed that the sale be set aside because of the grossly inadequate price for which it had been sold. Appellee filed a motion to strike off the petition. The court below heard both of these matters at the same time and denied the petition to set aside the sale, but granted the motion to strike off the petition. Its action was predicated on the theory that appellants had available to them the remedies provided by the Mortgage Deficiency Act of January 17, 1934, P. L. 243, as reënacted by the Act of July 1, 1935, P. L. 503. This appeal followed.
Some question is raised concerning the timeliness of appellants' petition. Recently this Court had occasion to point out in Knox v. Noggle, 328 Pa. 302, that under the Act of April 20, 1905, P. L. 239, motions to set aside sheriff's sales or exceptions to the confirmations thereof are in due course if presented prior to delivery of the *Page 531 
sheriff's deed even though after acknowledgment thereof. See also Warren Pearl Works v. Rappaport, 303 Pa. 235; Vanernan v.Cooper, 4 Clark 371; Jackson, to use, v. Morter, 82 Pa. 291. After delivery of the deed a petition to set aside a sheriff's sale cannot be considered: Media Title Trust Co. v. Kelly,185 Pa. 131; Tonge v. Radford, 103 Pa. Super. 131. As stated in Knox v. Noggle, supra, "A weakening of the rule . . . would seriously impair the stability of titles acquired through sheriff's sales." The petition in this case was presented in proper time.
The question presented is whether the remedy of setting aside a sheriff's sale on the ground of gross inadequacy in the sale price, as outlined in the concurring opinion in Beaver CountyBuilding Loan Assn. v. Winowich, 323 Pa. 483, and followed inHettler v. Shephard, 326 Pa. 165, is applicable to this case. The mortgage on which the foreclosure took place was given after the Mortgage Deficiency Act (Act of January 17, 1934, P. L. 243, as reënacted by the Act of July 1, 1935, P. L. 503) and it was therefore contended, and the lower court held, that the mortgagee was restricted to the remedies provided in that Act.
In Pennsylvania Company, etc., v. Scott, 329 Pa. 534, it was held that the Act of July 2, 1937, P. L. 2751, designed to prescribe the method of fixing the fair market value of mortgaged property sold on foreclosure, was unconstitutional because it violated Article III, Section 7, providing that no special or local law shall be passed ". . . changing methods for the collection of debts or the enforcing of judgments, or prescribing the effect of judicial sales of real estate," and the reasoning in Pennsylvania Company, etc., v. Scott applies with equal force to the Act considered in this case. It follows that the Mortgage Deficiency Act is unconstitutional not only as to mortgages created prior to its passage but also as to mortgages created after its effective date. Consequently the court below was in error in holding *Page 532 
that the remedy of appellants was under that Act. As the court below did not pass upon this petition, but relied solely upon the assumption that the Mortgage Deficiency Act governed appellants' remedies, the case must be remanded so that it may be considered in the light of Hettler v. Shephard, supra.
Reversed at the cost of appellee.