City Deposit Bank and Trust Company,
Appellant, *v*. Zoppa.

Argued September 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

380

*Charles Denby,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellant.

*Emerson G. Hess,* with him *Miller & Nesbitt,* for appellee.

OPINION BY MR. JUSTICE LINN, November 27, 1939:

After a loan of $8,000, secured by a mortgage made in 1926, had been reduced by payments to $5,500, judgment was entered on the bond and, in execution, in February, 1935, the mortgaged premises were sold to the plaintiff-mortgagee for $1,956.28. On April 14, 1936, counsel for the plaintiff accepted service of notice from defendant that on April 20, 1936, a petition for the satisfaction of the judgment would be presented. Plaintiff did not appear in opposition to the motion, whereupon the court directed the prothonotary "to enter full satisfaction upon the Judgment Docket of the said judgment . . ." The satisfaction of the judgment was prima facie evidence that it had been paid by plaintiff's taking the mortgaged premises at the foreclosure sale. It will be noticed that the petition to satisfy was not filed until six months had passed after the foreclosure sale and that in the interim the plaintiff had taken no steps pursuant to the Act of July 1, 1935, P. L. 503, to establish the amount of a deficiency judgment. So the matter stood until May 18, 1938, more than two years after the proceedings to satisfy, when the plaintiff filed the petition which began the present proceed-

ings. This petition set forth various steps culminating in the order of satisfaction, with an averment that plaintiff had no notice of the application to satisfy. As the defendant's answer denies this averment, and sets forth a copy of plaintiff's attorney's acceptance of service— two facts not now challenged by plaintiff—we accept them and regard the order as one made after notice.

Petitioner avers that the deficiency judgments Act approved July 1, 1935, P. L. 503, "upon the authority of which the above judgment was marked satisfied has been held unconstitutional . . ." and that petitioner's judgment against defendant remains a lien and that the court was without power to authorize the prothonotary to satisfy the judgment. Various grounds of unconstitutionality were asserted and the following relief was asked: "To grant a rule against the above named Antonio Zappa [defendant] to show cause why the judgment entered as of October Term, 1934, D. S. B. No. 249, in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, should not be opened and your petitioner let into a defense as to the entry of said satisfaction, and to show cause why the said satisfaction should not be stricken from the record." The rule was granted, and, after hearing, was discharged. This appeal followed. The question now is, Was there abuse of discretion?

The court had jurisdiction of the subject-matter and of the parties to the suit and in ordering the satisfaction, acted on what it considered a valid statute; the plaintiff took no appeal[1] from the decision. The statute, such as it was, was a fact in the case. Why, then, is the plaintiff not bound by its own conduct?

The deficiency judgments Acts of January 17, 1934 (Special Session), P. L. 243, and of July 1, 1935, P. L.

---

[1] "It is the duty of a litigant, if he is dissatisfied with a ruling of the court, to have the error corrected in the manner and within the time provided in the statute." *Pulaski Avenue,* 220 Pa. 276, 280, 69 A. 749.

503, were held to be unconstitutional: *Beaver Co. B. & L. Ass'n v. Winowich,* 323 Pa. 483, 187 A. 481 (October, 1936); *Shallcross v. B. & L. Ass'n,* 123 Pa. Superior Ct. 593, 187 A. 819 (1936).[2] The basis of appellant's argument, as we understand it, is that as the learned court below did not realize that the statute was invalid, in directing the prothonotary to mark the judgment satisfied, the judgment of the court ordering the satisfaction was void when the order was made and should now be treated as though it had never been made.

It is of course generally true that void acts are of no effect (compare *Haverford Twp. School District v. Herzog,* 314 Pa. 161, 171 A. 455; *Fowler v. Eddy,* 110 Pa. 117, 1 A. 789) but before that rule can be applied to judicial action based on an invalid statute it is necessary to consider the relation to the challenged act of the party complaining of it. Acts done pursuant to statute may be sustained though it be subsequently held unconstitutional: *Phila. v. Ry. Co.,* 142 Pa. 484, 21 A. 982; *Strauss v. Strauss & Co.,* 328 Pa. 72, 194 A. 905. In the first case it appeared that the city of Philadelphia for many years acted on the assumption that the legislation subsequently held invalid was valid; it was therefore held that the city was estopped on equitable grounds from subsequently repudiating its prior construction and recovering from a defendant on the theory that the law had been void from the beginning. In the Strauss case, the question arose between the bank, which was a mortgage creditor, and other creditors of the insolvent debtor whose property was in the hands of a receiver. To ascertain the credit to be allowed by the bank, it foreclosed a mortgage and purchased the property at a nominal bid and, in the receivership proceedings, sought to prove for the difference. Objection was made to the claim unless credited with the value of the security which had been taken

---

[2] Also see *Pennsylvania Co. v. Scott,* 329 Pa. 534, 198 A. 115.

at the foreclosure. To meet the objection, a proceeding was brought under the deficiency judgment Act of 1935, supra, to ascertain the "fair value" of the premises purchased; the bank participated in this proceeding and, after it was adjudicated, proved for the difference in the receivership proceedings. Thereafter, the deficiency judgment Act having been declared unconstitutional, the bank sought to repudiate its action and to claim for the full amount reduced only by the amount for which the property was bought in foreclosure. We held the bank was bound by the valuation proceeding, saying: "But, jurisdiction having attached, and no appeal having been taken (*Fine v. Soifer*, 288 Pa. 164, 173), the judgment of the Blair County court as to the amount remaining due is not impaired by the fact that it was based upon a statute subsequently declared to be unconstitutional. The decision became the law of the case, and neither of the parties to it can now collaterally assail or controvert it . . ." The statute was unconstitutional and, in a sense, void, but the relation of the bank to the adjudication under the statute required that effect be given to it because it was a fact in the process of adjudicating the point presented. See also *Menges v. Dentler*, 33 Pa. 495, 499, 500.

These cases show that effect will be given to judicial acts done pursuant to statute subsequently declared unconstitutional in other proceedings, when equitable considerations require it for the purpose of doing justice in the circumstances of the given case.

The authorities[3] relied on by appellant were not cases in which challenged acts had been done pursuant to a statute subsequently declared invalid, but were cases in which the judgments were void because no power to do the challenged act had ever been granted: in the Haverford case, by statute; and, in the other two, by the

[3] *Haverford Twp. Sch. Dist. v. Herzog,* 314 Pa. 161, 171 A. 455; *Peoples Nat. Bank v. D. & M. Coal Co.,* 124 Pa. Superior Ct. 21, 187 A. 452; and *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159.

parties against whom judgments had been entered on warrants of attorney. The question with which we must deal in disposing of this appeal was neither involved nor considered in them.

The case was heard on petition and answer. The proceeding is governed by equitable principles. In its petition, plaintiff averred that the judgment "constitutes a valid and subsisting lien" in its favor. This averment was denied by defendant's answer as follows: "8. That Paragraph 8 of the plaintiff's petition is denied and on the contrary the defendant avers that said judgment is not a valid and subsisting lien; that defendant has failed to pursue any proceedings or take any steps in respect to said judgment for a period of four (4) years, and now attempts to prejudice the rights of defendant in other properties which the defendant owns and on which said judgment would become a lien. That the defendant, by its *laches* has abandoned its rights under said lien, and is estopped from having said satisfaction stricken from the record."

The court below was of opinion that it would be inequitable now to strike off the satisfaction entered more than two years before plaintiff filed its petition, when to do so would prejudice "defendant in other properties which the defendant owns and on which said judgment would become a lien." We cannot say there was abuse of discretion. Compare *Miller v. Preston,* 154 Pa. 63, 25 A. 1041.

Having reached this conclusion it is unnecessary to deal with the argument that the Act of March 24, 1937, P. L. 112, 21 PS section 807a, fixing three months from that date as the period in which proceedings "to open or to revive or strike off the satisfaction of such judgment" may be brought, is unconstitutional; nothing now said in affirming the order appealed from shall be taken as approving the view of the learned court below that the Act is valid.

Order affirmed at appellant's costs.