# Bell, Secretary of Banking, v. Gluckman et al.

*H. C. Hubler*, for plaintiff.
*David Landau*, for defendants.

HOBAN, J., July 3, 1940.—On April 1, 1935, judgment was entered to no. 592, May term, 1935, against defendants on a mortgage bond in the sum of $28,000, attorney's commissions, and costs. On this judgment a sheriff's sale of the mortgaged premises was held on May 3, 1935, and the property was sold to the Secretary of Banking, receiver, etc., for the sum of $2,264.66. On November 25, 1935, an attorney's appearance was entered for defendants and at the same time the attorney filed a præcipe to satisfy the judgment under the Deficiency Judgments Act of July 1, 1935, P. L. 503, for failure of plaintiff to present a petition within six months after the date of the sheriff's sale to fix the fair market value of the property sold. There does not appear either in the files or on the docket any written motion or any written approval of a judge of the court out of which the execution issued. The prothonotary proceeded to mark the judgment satisfied on the judgment docket, the notation on the docket under the satisfaction column being as follows:

"25 Nov. 1935, under Act 197, Year 1935."

On April 1, 1940, plaintiff filed a præcipe for a writ of scire facias to revive the judgment entered to no. 592, May term, 1935, and the writ of scire facias duly issued

and was served by the sheriff on defendants and terre-tenant. Now defendants seek to have the scire facias to revive stricken from the record as unlawful and contrary to the express provisions of the Act of March 24, 1937, P. L. 112, which act provides that no judgment which has been satisfied by a prothonotary in accordance with the Deficiency Judgments Act shall be the subject of any proceeding, the purpose of which shall be to open or revive or strike off the satisfaction of such judgment, unless proceedings therefor be begun within three months from the effective date of the act, to wit, March 24, 1937.

The Deficiency Judgments Act under which the satisfaction was entered was declared unconstitutional: Home Owners' Loan Corp. v. Edwards et ux., 329 Pa. 529; Knox v. Noggle, 328 Pa. 302.

The argument of defendants herein is that, although the Deficiency Judgments Act in other proceedings has been held unconstitutional, that fact of itself does not make void the satisfaction entered in this case; that so far as the Act of 1937 affects the matter, it clearly expresses the intent of the legislature that no proceedings to quash invalid satisfaction or revive judgments should be entertained after the period of limitation prescribed by the act; that title searchers observing a properly-entered judgment are not bound to go beyond the entry in the judgment docket to test the validity of a satisfaction apparently properly entered, and that it must be presumed that such satisfaction was entered in due conformity with the provisions of law existing at the time.

It is true that effect will be given to judicial acts done pursuant to a statute which is subsequently declared unconstitutional in other proceedings, when equitable considerations require it for the purpose of doing justice in the circumstances of the given case: City Deposit Bank & Trust Co. v. Zoppa, 336 Pa. 379. But plaintiff argues that it is not seeking to avoid the satisfaction by reason of the fact alone that the act was declared unconstitutional, but the satisfaction was void because it

was not properly entered in the manner and after the proceedings required by the Deficiency Judgments Act of 1935. Section 8 of the act specifically provides as to satisfaction:

". . . the prothonotary shall enter satisfaction of such judgment upon the written motion of the defendant or other party in interest: Provided, however, That such motion bears the written approval of a judge of the court out of which the execution issued."

Plaintiff then argues that the satisfaction itself, being void regardless of the constitutional question, is of no effect, and hence plaintiff has a right to proceed to revive the lien of the judgment and to take such further proceedings as to execution as may be appropriate. To this defendants reply that the failure of plaintiff to take action within three months from the effective date of the Act of March 24, 1937, bars them from further proceedings. We agree with the contention of defendant. The title of the Act of 1937 clearly shows that it was intended to limit the time in which proceedings should be commenced to cure bad satisfactions entered under the Mortgage Deficiency Judgment Acts, or to take further proceedings to enforce such judgments which have been satisfied under such acts. In the Statutory Construction Act of May 28, 1937, P. L. 1019, §52, the following rule of construction is set forth:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"1. That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable. . . ."

We are of the opinion that any construction of the Act of March 24, 1937, P. L. 112, which would allow proceedings to open or ignore satisfactions entered under the Deficiency Judgments Acts, after the three-months period from the effective date of the act of limitation, would lead to results which would be both absurd and unreason-

able. There must be some period at which litigants, conveyancers, and others interested are entitled to have the status of their property rights fixed. In the case of deficiency judgment proceedings, or satisfaction based on an unconstitutional statute, the legislature by the Act of March 24, 1937, has fixed the point in time at which the rights of the interested parties are stabilized. To hold that regardless of this act a satisfaction may be challenged five years after its entry, because of informality or technical error in its entry, would seem to us to be entirely unreasonable. If plaintiffs had a case warranting a legal disregard of the satisfaction, it seems to us they should have brought it prior to June 24, 1937. Hence, they are not warranted at this time by any form of proceeding, whether in direct attack upon the satisfaction or in disregard of it, as by the instant attempt to revive the lien of the judgment, to evade the limitation imposed by the Act of 1937 on actions affecting judgments which were the subject of proceedings under the Mortgage Deficiency Judgment Acts. In our opinion, therefore, the scire facias to revive the lien of the judgment must be stricken off.

We are not impressed by the other reason for striking off advanced by defendants, that is, that there is a variance between the parties plaintiff in this scire facias proceeding and in the orginal proceedings which led to the judgment on the bond. Although it does not appear in this record, the fact is within the knowledge of the court that the Mid-Valley Trust Company was the successor by merger to the Olyphant Bank, the assignee of the original judgment creditor. Our action in this case is based solely upon the bar to this action set up by the Act of March 24, 1937, P. L. 112.

Now, July 3, 1940, the rule to show cause why the scire facias entered to the above number and term to revive the judgment entered to no. 592, May term, 1935, should not be stricken from the record is made absolute.