Hepburn *v.* Hey (et al., Appellant).

Argued April 20, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*F. Raymond Wadlinger,* with him *Foulkrod, Sheppard, Porter & Alexander,* for appellant.

*Benjamin F. Zubrack,* with him *Earle Hepburn* and *W. Horace Hepburn, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, May 11, 1942:

This appeal is from an order striking off an entry of satisfaction of a judgment. It has been said that when a court orders the satisfaction of a judgment, "It not only annihilates the judgment, but it extinguishes both the evidence of a debt and the debt itself," and that without statutory power to do so, a court may not order satisfaction summarily: *Horner & McCann v. Hower,* 39 Pa. 126, 128; *Reynolds v. Barnes,* 76 Pa. 427.

The judgment which is the subject of this appeal was entered June 9, 1932, pursuant to a warrant accompanying a bond secured by mortgage. The mortgaged property was sold on a writ of fieri facias April 2, 1934, for a nominal bid. Plaintiff did not have the value fixed by the court, and on October 8, 1934, on the order of defendants' attorney, the prothonotary entered satisfaction in accord with the Deficiency Judgment Act of January 17, 1934, P. L. 243. So the matter stood until May 8, 1941. Appellee then filed this petition for a rule on defendants to show cause why the satisfaction should not be stricken from the record. Defendants answered and averred that the petition had not been filed within three months after the effective date of the Act of March 24, 1937,* P. L. 112,* the limitation period therein pre-

---

* "That no judgment which has been satisfied by any prothonotary, in accordance with the provision of the acts, approved the seventeenth day of January, one thousand nine hundred and thirty-four (Pamphlet Laws, two hundred and forty-three), . . . and the act, approved the first day of July, one thousand nine hundred and thirty-five (Pamphlet Laws, five hundred and three), . . . shall be the subject of any proceeding, the purpose of which shall be to open or to revive or to strike off the satisfaction of such judgment, unless proceedings therefor be begun within three months from the effective date of this act."

scribed. They also averred that the right to have the satisfaction stricken off was barred by delay.

The proceeding was heard on petition and answer; the rule was made absolute November 18, 1941, and the entry of satisfaction was stricken off. The learned court held that the Act of 1937, perscribing the three months' period of limitation, was special legislation prohibited by Article III, section 7, of the Constitution, and that the record must be regarded as if the satisfaction had never been entered.

In *City Deposit B. & T. Co. v. Zoppa,* 336 Pa. 379, at p. 382, 9 A.2d 361, we said: "It is of course generally true that void acts are of no effect (compare *Haverford Twp. School District v. Herzog,* 314 Pa. 161, 171 A. 455; *Fowler v. Eddy,* 110 Pa. 117, 1 A. 789) but before that rule can be applied to judicial action based on an invalid statute it is necessary to consider the relation to the challenged act of the party complaining of it. Acts done pursuant to statute may be sustained though it be subsequently held unconstitutional: *Phila. v. Ry. Co.,* 142 Pa. 484, 21 A. 982; *Strauss v. Strauss & Co.,* 328 Pa. 72, 194 A. 905. In the first case it appeared that the city of Philadelphia for many years acted on the assumption that the legislation subsequently held invalid was valid; it was therefore held that the city was estopped on equitable grounds from subsequently repudiating its prior construction and recovering from a defendant on the theory that the law had been void from the beginning. In the Strauss case, the question arose between the bank, which was a mortgage creditor, and other creditors of the insolvent debtor whose property was in the hands of a receiver. To ascertain the credit to be allowed by the bank, it foreclosed a mortgage and purchased the property at a nominal bid and, in the receivership proceedings, sought to prove for the difference. Objection was made to the claim unless credited with the value of the security which had been taken at the foreclosure. To meet the objection, a proceeding

was brought under the Deficiency Judgment Act of 1935, supra, to ascertain the 'fair value' of the premises purchased; the bank participated in this proceeding and, after it was adjudicated, proved for the difference in the receivership proceedings. Thereafter, the deficiency judgment Act having been declared unconstitutional, the bank sought to repudiate its action and to claim for the full amount reduced only by the amount for which the property was bought in foreclosure. We held the bank was bound by the valuation proceeding, saying: 'But, jurisdiction having attached, and no appeal having been taken (*Fine v. Soifer*, 288 Pa. 164, 173), the judgment of the Blair County court as to the amount remaining due is not impaired by the fact that it was based upon a statute subsequently declared to be unconstitutional. The decision became the law of the case, and neither of the parties to it can now collaterally assail or controvert it. . . .' The statute was unconstitutional and, in a sense, void, but the relation of the bank to the adjudication under the statute required that effect be given to it because it was a fact in the process of adjudicating the point presented. See also *Menges v. Dentler*, 33 Pa. 495, 499, 500.

"These cases show that effect will be given to judicial acts done pursuant to statute subsequently declared unconstitutional in other proceedings, when equitable considerations require it for the purpose of doing justice in the circumstances of the given case."

It was stated during the oral argument that no rights, based on the satisfaction have intervened, as, for example, was the case in *City Deposit B. & T. Co. v. Zoppa*, supra; accordingly, no equitable considerations are presented requiring the court now to treat the satisfaction as a fact lawfully established between the parties.

The Deficiency Judgments Acts of 1934 and 1935, and also the Act of July 2, 1937, P. L. 2751, were considered and held invalid in *Beaver County B. & L. Assn.*

*v. Winowich*, 323 Pa. 483, 187 A. 921; *Home Owners' Loan Corp. v. Edwards*, 329 Pa. 529, 198 A. 123; and *Pennsylvania Company, etc., v. Scott*, 329 Pa. 534, 198 A. 115. In the last-cited case it was held that the Act of July 2, 1937, was prohibited by Article III, section 7, of the Constitution, which provides that "The General Assembly shall not pass any local or special law . . . providing or changing methods for the collecting of debts, or the enforcement of judgments, or prescribing the effect of judicial sales of real estate."

The position now taken by the appellant is substantially this: It is true that the deficiency judgment acts were unconstitutional as special legislation changing methods for the collecting of debts, etc., and that satisfaction entered pursuant to the unconstitutional legislation might have been regarded as ineffective; but although the legislature's classification of judgments could not be sustained, it may nevertheless put those satisfied judgments in a single class and provide a special limitation period in which a plaintiff must move to strike off the satisfaction. Certainly, if the three months' limitation period created by the Act of March 24, 1937, had been appropriately inserted in the Deficiency Judgments Acts, the court would have been required to hold it unconstitutional for the reasons given in the cases cited above. As its operation is confined to a class which the legislature was powerless to create, it cannot be regarded as less invalid merely because separately enacted. We think the Act is clearly unconstitutional for the reasons stated in *Pennsylvania Company, etc., v. Scott*, supra.

We may repeat by way of caution that parties may have so conducted themselves after the entry of satisfaction, that rights may have intervened; these will of course be protected by the application of equitable principles. On proper showing, a plaintiff may be regarded as disabled from taking advantage of the fact of unconstitutionality.

Order affirmed.