## Provident Trust Company, Trustee, v. Mucci et ux.

*Edward Merchant*, for plaintiff.
*Domenic Furia*, for defendants.

FLOOD, J., August 30, 1944.—Plaintiff foreclosed its mortgage against defendants and purchased the mortgaged premises at the sheriff's sale for $50, taking title thereunder on March 12, 1934. On September 4, 1934, plaintiff filed a petition to have the value of the foreclosed property fixed under the Deficiency Judgments Act of January 17, 1934, P. L. 243. Defendants, although duly notified of this proceeding, did not appear

in person or by counsel. After hearing, the court fixed the value at $3,600 and, consequently, on October 29, 1934, directed that plaintiff's judgment be reduced from $4,846.66 to $1,246.66.

Subsequently the Deficiency Judgments Act of January 17, 1934, was declared unconstitutional: Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483 (1936). Its place was eventually taken by the Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621, whose constitutionality was sustained in Fidelity-Philadelphia Trust Co. v. Allen et al., 343 Pa. 428 (1941), and Pennsylvania Company, etc., v. Scott, 346 Pa. 13 (1942). The 1941 act provides, in section 7, inter alia, that "if the [sheriff's] sale occurred prior to the effective date of this act, the plaintiff shall file . . . [a petition to have the court fix the fair value of the real property sold] within six months after the effective date of this act. In the event no petition is filed within such period, the debtor . . . shall be released and discharged of such liability to the plaintiff . . ."

Plaintiff has filed no petition under the Act of 1941. Defendants have filed the petition now before us to have plaintiff's judgment satisfied.

Under the language of the Act of 1941, defendants are entitled to what they seek, unless the matter is res judicata as a result of the entry of the deficiency judgment under the Act of 1934.

It is now established law that a judgment entered after full hearing by the court, and unappealed from, is res judicata, even though founded upon an unconstitutional statute: Strauss v. W. H. Strauss & Co., Inc., 328 Pa. 72 (1937) ; City Deposit Bank & Trust Co. v. Zoppa, 336 Pa. 379 (1939). This rule is not based upon estoppel. It is not confined to cases in which the party against whom it is invoked would be estopped by his own actions in affirmation of the statute, such as Real Estate Trust Company of Phila. v. Kahler et ux., 30

D. & C. 206 (1937). It also holds in cases where the party against whom it is invoked had not initiated the proceedings under the unconstitutional statute which resulted in the judgment: Strauss v. W. H. Strauss Co., Inc., supra. Nor is it confined to situations where, as in the Strauss case, such party took an active part in the proceedings, by giving testimony or otherwise. It applies in cases like that at bar where he was notified but did not appear in opposition, and satisfaction was directed by the court: City Deposit Bank & Trust Co. v. Zoppa, supra. In fact, it seems to us that the matter before us is directly ruled by the last-named case. The decision in Hepburn v. Hey, 345 Pa. 125 (1942), is distinguishable since there satisfaction was entered upon the order of defendant by the prothonotary, without the action of any judge.

The Supreme Court in City Deposit Bank & Trust Co. v. Zoppa, supra, used the following language:

"Effect will be given to judicial acts done pursuant to statute subsequently declared unconstitutional in other proceedings, when equitable considerations require it for the purpose of doing justice in the circumstances of the given case." (Syllabus.)

Even if the rule be so restricted, defendant is not helped here. After hearing, plaintiff's judgment has been reduced in the way contemplated by the Act of 1941, in order to do justice as between the parties. It is just as unfair to take that judgment from him now, as it would be to give him the full amount of his original judgment in cash after he had obtained the mortgaged property.

Since the matter of the fair value of the foreclosed property at the time of foreclosure is res judicata, the court could not, on any petition by plaintiff within six months of the effective date of the Act of 1941, have entered any judgment inconsistent with the order of October 29, 1934, nor can the court now enter any order inconsistent with it as requested by defendant.

Petition dismissed.