## Tradesmen's National Bank & Trust Company, Trustee *v.* Floyd, Appellant, et al.

Argued September 29, 1944. Before KELLER, P. J., RHODES, HIRT, RENO and JAMES, JJ. (BALDRIGE, J., absent).

*E. C. Shapley Highley,* with him *Highley & Semans,* for appellant.

*Martin F. Papish,* for appellee.

OPINION BY KELLER, P. J., November 15, 1944:

This appeal is concerned with the Deficiency Judgment Acts of January 17, 1934, P. L. 243 and July 16, 1941, P. L. 400, and the decisions of the Supreme Court of Pennsylvania relating to them, and their effect on the validity of a deficiency judgment obtained by the holder of a defaulted mortgage under the provisions of the Act of 1934, supra, not appealed from by the mortgagors, and on the judgment entered against them on the bond accompanying said mortgage for the amount of said deficiency judgment, subsequently revived by scire facias, and likewise not appealed from.

The material facts are as follows:

The appellant, George L. Floyd, and one Cabell C. Austin executed and delivered to the appellee's predecessor as trustee their joint bond and warrant dated

December 5, 1923 conditioned for the payment of $3,500 and secured by a first mortgage given by them on premises 1946 South 56th Street, Philadelphia, for a like amount.

The said mortgagors conveyed said premises to Alma M. Arnold, by deed dated April 14, 1924 and duly recorded, subject to said mortgage.

On May 17, 1934 the appellee caused a writ of scire facias sur mortgage to be issued, naming Floyd and Austin as mortgagors, and said Alma Arnold as real owner, and on July 10, 1934 judgment was entered in said sci. fa. for $3,896.32. The same day a writ of levari facias was issued on said judgment and the sheriff in due course sold the mortgaged real estate to the plaintiff in the writ, this appellee, for $50, and on August 13, 1934 acknowledged his deed to the purchaser. The purchase price was credited on the costs of sale.

On February 6, 1935 the plaintiff in said writ and purchaser at said sale filed its petition under the Act of January 17, 1934, supra, asking the court to fix the fair value of the property sold. Notice of the petition and of the hearing granted upon it was personally served on Floyd, this appellant; and on March 29, 1935, after a hearing which Floyd did not attend, the court fixed the fair value of the property sold at $3,000, and ordered that amount to be deducted from or credited on the judgment on the sci. fa. sur mortgage, and entered a deficiency judgment in favor of the plaintiff for $826.17. (Paragraph 2 of Sec. 1). This was not a judgment by default as that term is correctly used. A hearing was had and testimony taken. That the mortgagor Floyd did not choose to appear did not make it a *default* judgment.

On September 27, 1934, after said sheriff's sale, judgment was entered by confession on the bond and warrant, to secure which said mortgage was given, to

No. 906 September Term, 1934, C. P. No. 5, and following the fixing of said fair value and the entry of said deficiency judgment, damages were assessed on April 17, 1935 at $826.17, the amount of said deficiency judgment.

The judgment on the bond and warrant to 906 Sept. T. 1934 was revived by scire facias issued September 22, 1939, and judgment was entered against the defendants on March 11, 1940.

No appeal was taken by either of the mortgagors from the judgment of the Court of Common Pleas No. 3 fixing the fair value of the property sold at $3,000, or the deficiency judgment of $826.17; nor was any appeal taken from the judgment on the sci. fa. to revive judgment No. 906 September Term, 1934, C. P. No. 5 as above.

Sometime in the Fall of 1943, the plaintiff made a settlement with Cabell C. Austin, accepting $750 in payment of his individual liability on said judgment bond, and the judgment was credited with that amount on November 12, 1943 and satisfied as to Austin only. Notice of the proposed settlement was given Floyd before it was effected and demand was made upon him for a settlement of his own obligation.

On April 12, 1944 plaintiff in said revived judgment at 906 Sept. Term 1934, C. P. No. 5, issued a *fi. fa.* thereon against George L. Floyd. On September 14, 1944 the damages were assessed at $571.07, giving full credit for the payment of $750 by Austin; and on the same day a scire facias was issued to revive the judgment against Floyd.

On May 8, 1944 Floyd filed his petition to No. 8397 March Term, 1934, C. P. No. 3, praying the court to order the prothonotary to mark the original judgment, obtained on the sci. fa. sur mortgage, satisfied, released, and discharged on the grounds: (1) That the proceedings to fix fair value under the Act of 1934, and

the deficiency judgment entered thereunder were rendered invalid, null and void by the decision of the Supreme Court of Pennsylvania (*Beaver County B. & L. Assn. v. Winowich,* 323 Pa. 483, 187 A. 481) holding said Act of 1934 to be unconstitutional as impairing the obligation of mortgage contracts entered into before its enactment, and (2) Because the plaintiff in said sci. fa. sur mortgage had not complied with the provisions of the Act of July 16, 1941, P. L. 400, by filing a petition to fix the fair market value of the mortgaged property at the time of its sale within six months after the passage of said act (sec. 7).

While said petition was filed to the sci. fa. sur mortgage proceedings, No. 8397 March Term, 1934, C. P. No. 3, reference was made therein to the judgment entered on the bond and warrant to No. 906 September Term, 1934, C. P. No. 5, and its revival by scire facias, and in his printed brief his counsel states (p. 3): "Appellant's petition for a rule was filed in the sci. fa. [sur mortgage] proceedings [in C. P. No. 3] but its ultimate purpose is to prevent enforcement of appellant's personal liability for the judgment on the bond [in C. P. No. 5]." The real object of the proceeding therefore is to invalidate the judgment entered on the bond and warrant after the sheriff's sale and revived by scire facias without appeal; for the judgment on the sci. fa. sur mortgage in C. P. No. 3, directly attacked, is a judgment in rem, which, as the real estate had been sold, served no further purpose than to fix the amount recoverable on the personal judgment entered on the bond, secured by the mortgage.

The court below, after answers filed and hearing discharged the rule granted on the defendant Floyd's petition, and the petitioner appealed.

A reference to the case of *Beaver County B. & L. Assn. v. Winowich,* supra, and the three cases chiefly

relied on by appellant [1] shows that they dealt with orders directing satisfaction of the judgment secured on the mortgage, obtained on motion or petition of the defendant because the plaintiff had failed to ask the court to determine the fair value of the property and fix the amount of the deficiency judgment. In none of them had the plaintiff—or defendant—acted pursuant to the Act of 1934 and had the fair market value of the property sold fixed by the court and a deficiency judgment entered for the balance due on the judgment over and above such fair value, which was unappealed from— and they contain no ruling that such a judgment duly obtained after hearing and not appealed from is rendered invalid by the decision in the *Winowich* case.

The purpose of the Act of 1934 was to protect the *owners* of *mortgaged property* by limiting the amount of the deficiency judgment subsequently recoverable to the balance of the mortgage debt remaining after deducting the fair value of the property sold and purchased by the mortgage creditor. And to induce the creditor to petition the court to fix the fair value of the property sold the act contained a provision that unless the creditor presented such petition within six months after said sale, the prothonotary upon application of the defendant should enter satisfaction of such judgment. The unconstitutional feature, as held by the Supreme Court, was that the *creditor's* contract rights were impaired by the clause requiring his judgment to be satisfied when, in fact, it had not been paid as obligated in the contract, and by *forcing* upon him a different mode of payment from that provided in the contract. The injury was to the creditor, not the debtor; and there is nothing in the opinions of the court in those cases that lends any aid to the position that

---

[1] *Brummer v. Linker,* 329 Pa. 192, 196 A. 834; *City Deposit Bank & Trust Co. v. Zoppa,* 336 Pa. 379, 9 A. 2d 361; *Hepburn v. Hey,* 345 Pa. 125, 26 A. 2d 318.

if the creditor, accepting the provisions of the act had filed a petition, pursuant to the act, asking the court to fix the fair value of the property sold and deduct the amount of such fair value from the amount of the judgment and enter a deficiency judgment for the balance, and the court, after a full hearing, of which the defendant had personal notice, had done so and entered a judgment, which was not appealed from by the defendant, the latter might subsequently have the proceedings, which were enacted for his benefit and enured to his advantage, and had become the law of the case, annulled and the judgment set aside, under the provisions of an act passed six years later which, as respects its retrospective features clearly related to instances where no fair value had been fixed by the court after hearing and no deficiency judgment had been entered, which had become final and absolute, before the later act was passed. Any other construction would be unconstitutional as invalidating the judgment of the mortgage creditor, entered in his favor by the court after a fair hearing of which the defendant had notice, and *unappealed from.* "The state cannot, through legislation, take away a vested right secured by a final judgment (Penna. v. Wheeling Bridge Co., 18 Howard 421, McCullough v. Virginia, 172 U. S. 102); neither may a court take away a vested right secured by a valid decree or judgment:" *Ladner v. Siegel (No. 4), 298* Pa. 487, 498, 148 A. 699. "A judgment is not a contract nor the obligation of a contract but is a new obligation under which antecedent rights are to be enforced ...... While a state may by law modify the remedy or means of enforcing obligations, it cannot so change, modify or reduce the remedy as to prejudice substantive rights that have accrued:" *Sinking Fund Commrs. v. Phila., 324* Pa. 129, 132, 188 A. 314.

Mr. Justice LINN, speaking for the Supreme Court in *City Deposit Bank & Trust Co. v. Zoppa,* 336 Pa.

379, 383, 9 A. 2d 361, called attention to the distinction between "cases in which challenged acts had been done *pursuant* to a statute subsequently declared invalid," and those "in which the judgments were *void* because *no power to do the challenged act had ever been granted.*" In that case judgment on a mortgage bond, reduced by payments to $5,500, was entered in February, 1935 and the mortgaged premises were sold to the plaintiff mortgagee for $1,956.28. On April 20, 1936, a petition was filed by the defendant asking for the satisfaction of the judgment because the plaintiff had taken no steps under the Act of July 1, 1935, P. L. 503, a re-enacting deficiency judgment statute, afterwards held unconstitutional in *Knox v. Noggle,* 328 Pa. 302, 196 A. 18, and *Home Owners' Loan Corp. v. Edwards,* 329 Pa. 529, 531, 198 A. 123. The plaintiff had notice of the presentation of the petition but did not appear in opposition to the motion, and the court directed the prothonotary to enter full satisfaction of the judgment upon the Judgment Docket. The plaintiff did not appeal, but on May 18, 1938, more than two years after the satisfaction of the judgment in accordance with the court's order, presented its petition asking that the order of satisfaction be opened and the satisfaction be stricken from the record, because the Act of July 1, 1935, supra, had, in the meantime, been declared unconstitutional by the Supreme Court. In affirming the court below which discharged the rule granted on said petition, the Supreme Court said: "The court had jurisdiction of the subject-matter and of the parties to the suit and in ordering the satisfaction, acted on what it considered a valid statute; the plaintiff took no appeal from the decision. The statute, such as it was, was a fact in the case. Why, then, is the plaintiff not bound by its own conduct?"

In discussing the case at more length Justice LINN also said "Acts done pursuant to statute may be sus-

tained though it be subsequently held unconstitutional: Phila. v. Ry. Co., 142 Pa. 484, 21 A. 982; Strauss v. Strauss & Co., 328 Pa. 72, 194 A. 905." The *Strauss* case thus cited bears directly on the present case. A bank foreclosed a mortgage which it owned, and purchased the property at a nominal bid, and in receivership proceedings brought against the mortgage debtor sought to prove its claim for the difference. Objection was made to the claim unless credit was given for the value of the real estate purchased on the foreclosure. To meet this objection, a petition was presented under the deficiency judgment Act of 1935, supra, to ascertain the 'fair value' of the premises purchased. The bank participated in this proceeding and, after it was adjudicated, proved in the receivership proceedings for the difference between the mortgage debt and the fair value of the property. After the Act of 1935 had been declared unconstitutional the bank sought to repudiate its action and claim for the full amount reduced only by its nominal bid at the foreclosure sale. The Supreme Court held the bank was bound by the valuation proceeding, saying: "But, jurisdiction having attached, and no appeal having been taken (Fine v. Soifer, 288 Pa. 164, 173 [135 A. 742]), the judgment of the Blair County court as to the amount remaining due is not impaired by the fact that it was based upon a statute subsequently declared to be unconstitutional. The decision became the law of the case, and neither of the parties can now assail or controvert it." See also *Chicot County Dist. v. Bank,* 308 U. S. 371, 374-5.

The bill of rights requires that the law relating to the transaction in controversy, *at the time when it is complete,* shall be an inherent element of the case and shall guide the decision; and that the case shall not be altered, in its substance, by any subsequent law: *Menges v. Dentler,* 33 Pa. 495, 498.

In the case of *Hepburn v. Hey,* 345 Pa. 125, 26 A. 2d

318, cited by the appellant, the Supreme Court recognized that effect will be given to judicial acts done pursuant to a statute subsequently declared unconstitutional in other proceedings, when equitable considerations require it for the purpose of doing justice in the circumstances of the given case; but because no equitable considerations were present in that case, affirmed the court below in striking off the satisfaction of a judgment entered by the prothonotary on October 8, 1934, in accord with the deficiency judgment act of 1934, supra, although the plaintiff took no action in the matter until May 8, 1941, over six and a half years later. But Mr. Justice LINN speaking for the court said: "We may repeat by way of caution that parties may have so conducted themselves after the entry of satisfaction, that rights may have intervened; these will of course be protected by the application of equitable principles. On proper showing, a plaintiff [and it may be added, a defendant,] may be regarded as disabled from taking advantage of the fact of unconstitutionality."

For example, in *Market Street National Bank v. Huff*, 319 Pa. 286, 179 A. 582; and in *New York Life Ins. Co. v. Guaranty Corp.*, 321 Pa. 359, 184 A. 31, the respective plaintiffs—just as the plaintiff in the present case—acting pursuant to the provisions of the deficiency judgment act of 1934, supra, filed their petitions in the respective courts below, asking the court to fix the fair value of the mortgaged property which had been sold on foreclosure and purchased by them, which was done, and the defendant in each proceeding appealed to the Supreme Court which affirmed the respective judgments, the one on June 29, 1935 and the other on March 30, 1936. Both cases were decided before the Act of 1934 was declared unconstitutional and long before the Act of 1941, along similar lines, was held constitutional. Will it be seriously contended for an instant, that be-

cause the Act of 1934 was held unconstitutional in 323 Pa. 483, (187 A. 481) and the later Act of 1941 was held constitutional in 343 Pa. 428 ('22 A. 2d 896) and in 346 Pa. 13 (29 A. 2d 328) in a volte-face adopted in order to bring about uniformity on the constitutional provisions as to impairing the obligation of contracts between our state law and the federal law as recently declared by the Supreme Court of the United States, the plaintiffs in those cases were obliged, within six months after July 16, 1941, to file new petitions asking the court to fix again the fair market value of the mortgaged property at the time of their respective sales, as prescribed by the constitutional Act of 1941, under penalty of having their judgments marked satisfied if they failed to do so? And this, notwithstanding the judgments of the Supreme Court which fixed the law of the respective cases?

The judgment of the court below, entered after a hearing of which the appellant had personal notice, but which he chose to neglect, unappealed from, is just as much a final and absolute judgment, fixing the law of the case, as if he had appealed to the Supreme Court and the judgment had been affirmed.

The equities of the case are all with the plaintiff. The object of the petition filed by plaintiff, pursuant to the Act of 1934, was for the benefit of the defendant not the plaintiff. The hearing provided by the Act of 1934 was at least as full and complete and as advantageous to the defendant as that fixed by the Act of 1941. There is no averment in the appellant's petition that the value fixed was unfair or inadequate. Having failed to pursue his remedy by appeal, (*Pulaski Avenue*, 220 Pa. 276, 280, 69 A. 749) he is in no better case than if he had appealed to the Supreme Court and judgment had gone against him.

The order is affirmed at the costs of the appellant.