## Clendenning v. Pearson

*Samuel A. Richter*, for petitioner.

*Ernest C. Reif* and *Dickie, Robinson & McCamey*, for respondent.

SOFFEL, J., October 28, 1947.—This case comes before the court on a rule granted defendant, Della E.

Pearson, individually and as administratrix of the estate of Clarence A. Pearson, deceased, directed to plaintiff, requiring her to show cause why the judgment at no. 3853, January term, 1946, should not be dissolved and why the judgment at D.S.B., no. 1466, October term, 1933, should not be satisfied and discharged of record. Pending the determination of the issue raised by the instant proceedings, the execution on the fi. fa. issued at no. 631, July term, 1947, has been stayed.

Sarah A. Clendenning, plaintiff, confessed judgment against Clarence A. Pearson, now deceased, at D.S.B., no. 1566, October term, 1933. At no. 1065, January term, 1935, plaintiff issued attachment execution against Della E. Pearson, present defendant, and, after a jury trial, recovered a verdict in the sum of $1,400. Said verdict was rendered on January 21, 1936, and, after argument and refusal of a new trial, judgment was entered on the same on May 8, 1936. This judgment against present defendant, Della E. Pearson, was revived by sci. fa. action at no. 2934, January term, 1941, and again at no. 3853, January term, 1946. Execution on said judgment issued on June 17, 1947, at no. 631, July term, 1947.

Clarence A. Pearson, the husband of defendant, died February 10, 1942, and his widow, Della E. Pearson, was appointed administratrix of his estate, at no. 2004 of 1942 in the Orphans' Court of Allegheny County, Pa. The original judgment which was confessed against Clarence A. Pearson at D.S.B., no. 1566, October term, 1933, was predicated on a bond secured by a mortgage of record in the office of the Recorder of Deeds of Allegheny County in Mortgage Book, Vol. 1946, page 175. Plaintiff never instituted proceedings for the determination of the fair value of the foreclosed premises within six months after the effective date of the Deficiency Judgments Act of July 16, 1941, P. L. 400. It is the contention of defendant that since the judgment with which we are here concerned is predicated orig-

inally on a bond secured by a mortgage, failure to petition to fix a fair value of the property sold within six months after the adoption of the Act of 1941 necessitates a discharge and satisfaction of the judgment.

Section 7 of the Act of July 16, 1941, P. L. 400, 12 PS §2621.7 provides:

"The plaintiff or plaintiffs shall file all petitions in accordance with section one and section two of this act not later than six months after the sale of any real property: Provided, however, That, if the sale occurred prior to the effective date of this act, the plaintiff shall file such petition within six months after the effective date of this act. In the event no petition is filed within such period, the debtor, obligor, guarantor and any other person liable, directly or indirectly, to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff or plaintiffs."

The act, as amended, further provides, in section 7.1:

"If the plaintiff or plaintiffs shall fail to present such petition to fix the fair market value of the real property sold within six months after the sale of such real property as provided by this act, the debtor, obligor, guarantor, or any other person liable directly or indirectly to the plaintiff or plaintiffs for the payment of the debt, or any person or persons interested in any real estate which would, except for the provisions of this act, be bound by said judgment, may present his or their petition to the court having jurisdiction, setting forth the fact of said sale, and that no petition has been filed within six months after said sale to fix the fair market value of the property sold, whereupon the court, upon proof of service of at least ten days' notice of said petition on the plaintiff or plaintiffs, or their attorney in said action, and being satisfied of such facts, shall direct the prothonotary to mark said judgment satisfied, released, and discharged."

Defendant argues that plaintiff's failure to petition the court to fix the fair value of the property of defendant, Clarence A. Pearson, within six months after the effective date of the aforesaid act, operated to release and discharge Clarence A. Pearson and his estate of liability to plaintiff. Defendant relies upon the case of Sophia Wilkes Building and Loan Assn. v. Rudloff, 348 Pa. 477, where, in discussing a foreclosure judgment, the court held (p. 483) :

"Immediately upon the passage of that Act, it became the duty of the plaintiff to credit on its judgment the fair market value of the property bought by it at the sheriff's sale in 1928, and the plaintiff cannot, by delaying the performance of that duty, to the detriment of the defendant, reap an advantage for himself which a prompt performance of it would have avoided. It was the receipt of a property worth the amount of the judgment which discharged it . . . However, that may be, the Act itself has now created a conclusive presumption that the property was worth at least one hundred percent of the judgment."

The court further enunciates the principle that a judgment in favor of plaintiff and against garnishee in an attachment execution proceeding derives its life and validity from the original judgment upon which it is based, and it is conditioned upon the continued existence of said judgment: See Wilkes opinion, supra, pp. 482, 483.

Counsel for defendant argues that because of failure on the part of plaintiff to petition the court to fix the fair value of the property of defendant within the six months' period prescribed by the act, the principal judgment has been discharged by operation of law and the attachment execution judgment arising from said principal judgment must therefore be dissolved and the execution issued upon it stayed and dissolved.

With this contention as applied to the facts of the instant case, we do not agree. The instant case can be differentiated from the Wilkes Building and Loan case

cited above because of the facts and circumstances surrounding it. At no. 1065, January term, 1935, plaintiff in those proceedings issued attachment execution against present defendant. There was a trial by jury, at which the defendant appeared and testified in a proceeding adverse to her. The jury returned a verdict against defendant in the sum of $1,400 on January 21, 1936. Subsequently a motion for new trial was argued before a court en banc and refused. No appeal was ever taken to the appellate courts. Judgment was entered on the same on May 8, 1936. This is the judgment against present defendant, Della. E. Pearson, which has been revived from time to time.

A judgment predicated upon the verdict of a jury possesses a quality of res adjudicata which is much stronger than a judgment obtained by confession or agreement. In Cesare v. Caputo, 100 Pa. Superior Ct. 188, 192, the court said:

"The judgment here in question was not entered by confession or upon any default but upon a verdict in an adverse proceeding . . . The case therefore involves only the common law power of the court to set aside a judgment regular upon its face, and under all the authorities that power ended with the expiration of the term at which the judgment was entered."

The second factor which distinguishes the case at bar from the Wilkes B. & L. Assn. case is that garnishee in that attachment execution was a fiduciary. Such a garnishee is liable only to the extent of defendant's assets in his hands, but once a judgment has been rendered against a nonfiduciary garnishee such garnishee has been held to incur personal liability for the satisfaction of plaintiff's judgment to the extent of all such garnishee's lands and chattels: Layman v. Beam, 6 Wharton 181.

Defendant has had her day in court which resulted in a jury verdict and a valid judgment against her. She chose not to appeal nor to seek to reopen the judg-

ment. Discussing the doctrine of res adjudicata, Judge Orlady stated in Raisig v. Graf, 17 Pa. Superior Ct. 509, 512, as follows:

"The rule extends to every question in the proceedings which was legally cognizable, and applies whenever a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding: Schwan v. Kelly, 173 Pa. 65."

There is yet a third factor which differentiates the instant case, to wit, laches on the part of defendant. At the time of the trial on the attachment execution the Mortgage Deficiency Judgment Act of January 17, 1934, P. L. 243, continued by the similar Act of July 1, 1935, P. L. 503, was a valid statute. That it was later declared unconstitutional in Beaver County Building & Loan Assn. v. Winowich et ux., 323 Pa. 483, decided October 5, 1936, would not affect the conclusiveness of any prior judgment of a court relying on its validity: City Deposit Bank and Trust Co. v. Zoppa, 336 Pa. 379; Tradesmen's National Bank & Trust Co. v. Floyd et al., 156 Pa. Superior Ct. 141.

This act, like the Act of 1941, required a determination within six months of the foreclosure sale of the fair value of the premises sold, and provided for marking a deficiency judgment satisfied for failure to have the fair value so determined. Certainly the present defense was "legally cognizable" and could have been presented by this defendant both prior to and at the trial on the attachment execution. Yet this defendant chose not to avail herself of the right given her under the Deficiency Judgment Act for a period of 14 years.

Distinguishing the cases cited by counsel for defendant, it should be emphasized that in neither Sophia Wilkes B. & L. Assn. v. Rudloff, supra, nor Brennan, Trustee, v. Keller et al., 47 D. & C. 490 (also relied upon by defendant) was a defense under the old

Mortgage Deficiency Judgment Act available to the attachment execution defendant. Judgment against garnishee in the Wilkes case was entered on May 17, 1940; in the Brennan case on October 2, 1940. In the case at bar judgment on the attachment execution was entered on May 8, 1936. The Mortgage Deficiency Judgment Act was declared unconstitutional on October 5, 1936, thus rendering it inoperative for the attachment execution defendants in the Wilkes and Brennan cases, but not affecting its validity for the case at bar: City Deposit Bank and Trust Co. v. Zoppa, 336 Pa. 379; Tradesmen's National Bank & Trust Co. v. Floyd, 156 Pa. Superior Ct. 141; Strauss v. W. H. Strauss & Co., Inc., et al., 328 Pa. 72, 77; Philadelphia v. Ridge Ave. Ry. Co., 142 Pa. 484.

Since defendant did not promptly avail herself of her rights, but chose to remain silent for a period of 14 years, we believe defendant is barred by her own laches from equitable relief in the instant proceedings. However, this alone is not controlling or decisive of the instant case. What determines this issue is the fact that a judgment has been obtained against defendant after a jury trial, which stands unappealed from as res adjudicata as to any defense that might now be raised.

Defendant's petition will therefore be dismissed, the rule to show cause discharged, and the execution proceeding at fi. fa. 631, July term, 1947, reinstated.

### Order of court

And now, to wit, October 28, 1947, defendant's rule to show cause why the judgment at D.S.B., no. 1566, October term, 1933, shall not be satisfied and discharged of record, and further to show cause why the judgment at no. 3853, January term, 1946, should not be dissolved, is discharged.

It is further ordered, adjudged and decreed that the execution proceedings at fi. fa., no. 631, July term, 1947, be reinstated.